

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Bayne Satterfield
Fireman's Pension Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-4626
Re: Right of firemen to participate
in both city of Austin and State
retirement plans.

Your request for opinion has been received and carefully considered by this department. We quote from your letter:

"The question has arisen as to whether or not a fireman may participate in the Statewide Relief and Retirement system provided in H. B. 258, Acts of the 45th. Legislature, Regular Session, 1937 and also in Retirement system such as the city of Austin is now operating with all employees participating. I am enclosing a copy of the city ordinance of the city of Austin under which that city retirement system is now being operated.

"Will you please give me an opinion from your Department on the following questions:

"1. Is it permissible for a fireman to participate in the system in operation over the State under H. B. 258, Acts, 45th. Legislature, Regular Session, 1937 and also in a system such as is provided by the enclosed ordinance?

"2. If any conflict, what effect would the participation in one affect the other, if any?"

We have carefully examined the provisions of House Bill No. 258, Acts of the 45th Legislature (Article 6243e,

R. C. S., 1925) providing for a statewide relief and retirement system for firemen. We have also examined the provisions of the ordinance of the city of Austin providing for retirement system for all employees of that city, including firemen.

It is elementary that city ordinances which are in conflict with the Constitution or the State laws are void.

It is obvious that the provisions of both enactments are different in many respects, yet, the general purpose of both is essentially the same. The fact that they are "different", however, does not necessarily raise the implication that they are in conflict.

In determining whether the city ordinance in question is in conflict with House Bill No. 258, Acts of the 45th Legislature, we believe the rule set forth in State ex rel Cezart v. Corran, 11 N. Y. (2d) 845, by the Supreme Court of Chio, is applicable, wherein it was stated:

"In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa."

An examination of both enactments fails to reveal any conflicts. Neither the ordinance nor the statute contains any provisions tending to exclude one who elects to participate in one system from also participating in the other.

Each enactment sets up a separate and distinct retirement and benefit plan, operative under separate and distinct systems, neither being dependent upon the other for its separate existence. The ordinance is therefore cumulative of the statute and an harmonious co-existence of the two enactments is indicated.

It is therefore the opinion of this department in answer to your first question, that it is permissible for firemen to participate in the system in operation over the State under House Bill No. 258, Acts 45th Legislature (Article 6243e, R.C.S., 1925), and also in a system such as is provided for in the ordinance of the city of Austin, providing, of course, that both systems are put in operation in the fire department of which the firemen are members.

Since the two enactments are not in conflict, and in view of the foregoing observations, question No. 2 of your letter calls for no further consideration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. B. Pharr

E. G. Pharr
Assistant

ZGP:CO

15,

APPROVED JUN 15, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

OK
BW



APPROVED
OPINION
COMMITTEE
BY Barb
CHAIRMAN